**MURPHY et al. v. BURNS et al.**

**Civil Action No. 1584.**

District Court, W. D. Louisiana,
Monroe Division.

Nov. 14, 1945.

Snyder & Sevier, of Tellulah, La., and Sholars & Gunby, of Monroe, La., for plaintiffs.

Carl Marshall, of Gulfport, Miss., Shotwell & Brown and Thompson & Thompson, all of Monroe, La., and Weeks, Henderson & Surles, of Tyler, Tex., for defendants.

DAWKINS, District Judge.

Plaintiffs allege that they are owners and holders of mineral leases upon certain lands in Richland Parish, Louisiana, as follows:

(a) From Mrs. Ella M. Barrier, Mrs. Zula S. Runnels and Mrs. Marion S. Muse to C. H. Murphy, Jr., dated January 21, 1944, covering 320 acres;

(b) From L. E. Tharpe to Murphy, dated January 22, 1944, covering 80 acres;

(c) From Mrs. Irene Stout Morris and husband to the said Murphy, dated January 22, 1944, covering 160 acres; and

(d) From J. W. Nicholson to Murphy, dated January 28, 1944, covering 200 acres.

Petitioners further allege that they "are in open, actual and peaceful possession" of all said lands and that producing wells have been drilled and are now in operation on tract (a); that defendants are not now and have never been in possession; and that all the said lands were "acquired by Mrs. Ella M. Barrier by act of donation from her husband, John M. Barrier, dated February 11, 1918." The petitioners further allege as follows:

"An instrument by private act, signed by Mrs. Ella M. Barrier, dated November 25, 1932, reciting that 'for and in consideration of the sum of $10.00 to me in hand paid by Mrs. Zula Snyder Runnels and Mrs. Marion Snyder Muse', she, the said Mrs. Barrier, 'granted, sold and conveyed,' unto 'the said Mrs. Zula Snyder Runnels and Mrs. Marion Snyder Muse of the County of Hinds and State of Mississippi,' W½ of SE¼, E½ of SW¼, SW¼ of SW¼, SW¼ of NE¼ south of railroad and SE¼ of NW¼ south of railroad, Section 15, NW¼, W½ of NE¼, SE¼ of NE¼ and SW¼, Section 22, Township 17 North, Range 9 East, containing 703 acres more or less, was recorded November 26, 1932, in Notarial Book 72, at page 224, of the Richland Parish records.

"Lessors of the plaintiff in the leases set forth in sub-paragraphs 3(b), 3(c) and 3(d) hereinabove all acquired the lands included and described in their respective leases by titles emanating from and deeds executed

by both the said Mrs. Ella M. Barrier, grantor in the instrument just referred to in paragraph 7 above, and the said Mrs. Zula Snyder Runnels and the said Mrs. Marion Snyder Muse, the grantees named therein, as follows, to-wit:

"(a) Zula Snyder Runnels and Marion Snyder Muse to Leon Eugene Tharpe, dated October 19, 1943, recorded October 22, 1943, in Notarial Book 98, at page 243, covering S½ of NE¼, Section 22, Township 17 North, Range 9 East.

"(b) Ella M. Barrier to Leon Eugene Tharpe, dated December 15, 1943, recorded December 17, 1943, in Notarial Book 99, at page 153, covering S½ of NE¼, Section 22, Township 17 North, Range 9 East.

"(c) Zula Snyder Runnels and Marion Snyder Muse to Irene Stout Morris, dated October 11, 1943, recorded October 15, 1943, in Notarial Book 98, at page 210, covering SE¼ of NW¼ and E½ of SW¼, Section 15, Township 17 North, Range 9 East.

"(d) Zula Snyder Runnels and Marion Snyder Muse to Irene Stout Morris, dated October 25, 1943, recorded same date in Notarial Book 98, at page 270, covering NE¼ of NW¼, Section 22, Township 17 North, Range 9 East.

"(e) Ella M. Barrier to Irene Stout Morris, dated December 15, 1943, recorded December 17, 1943, in Notarial Book 99, at page 152, covering SE¼ of NW¼, E½ of SW¼, Section 15, and NE¼ of NW¼, Section 22, Township 17 North, Range 9 East.

"(f) Zula Snyder Runnels and Marion Snyder Muse to J. W. Nicholson, dated November 4, 1943, recorded December 4, 1943, in Notarial Book 99, at page 73, covering SW¼ of NE¼, W½ of SE¼, Section 15, and NW¼ of NE¼, Section 22, Township 17 North, Range 9 East.

"(g) Ella M. Barrier to J. W. Nicholson, dated September 12, 1944, recorded October 3, 1944, in Notarial Book 101, at page 485, covering SW¼ of NE¼, W½ of SE¼, Section 15, and NW¼ of NE¼, Section 22, Township 17 North, Range 9 East."

"The instrument dated November 25, 1932, aforesaid, referred to in paragraph 7 above, was and is invalid as a sale by reason that the consideration therein mentioned, the sum of ten dollars, was vile, not serious and out of proportion to the value of the 703 acres of land therein described and purportedly conveyed, and plaintiffs and all others dealing upon the faith of the public records of Richland Parish were charged with notice of such invalidity appearing upon the face of said instrument as inscribed and spread upon said public records.

"The parties to said instrument, Mesdames Barrier, Runnels and Muse, all interpreted and treated said instrument, not as evidencing a sale, exchange or giving in payment, the invalidity of which as such being ever recognized by them, but as an attempted donation in disguise, inuring to the benefit of the donees' separate estates, not to the communities between them and their husbands, subject, however to revocation by the donor by reason of want of requisite form and acceptance by donees, in their public acts and statements generally known in the community wherein said lands are situate, and in their dealings with others with respect thereto.

"Further in this connection, in addition to recitals of the several acts of conveyance described in paragraph 8 above and to joinder of both grantor and grantee in said act of November 24, 1932, in mineral lease to plaintiffs described in paragraph 3(a) above, said parties have joined in the execution of numerous other alienations of the lands here in controversy and other contracts with reference thereto, which were spread upon the public records of said Parish of Richland and constituted notice to the world, by admission, over their signature, of the said Mesdames Runnels and Muse that Ella M. Barrier had not been divested of her title and ownership of the lands in controversy, and that such right as they had therein was subject to her pleasure, consent and disposition, as follows, to-wit:"

Then follows a list of some eleven transfers, giving dates, book and page in which they were recorded in the conveyance records of Richland Parish.

The bill further alleges:

"Notwithstanding the matters and things above alleged and that the vendees and lessees holding by purchase for valuable considerations under instruments executed by the said Mrs. Runnels and the said Mrs. Muse, had gone into possession thereunder, an affidavit purporting to have been made and signed by Zula Malone Snyder Runnels and Marion Ella Snyder Muse before Louise Fant, Notary Public for Hinds County, Mississippi, on June 9, 1945, filed for record August 2, 1945, under serial No. 94963, in Notarial Book—— of said Parish of Richland, contains the statement that the 703

acres of land aforesaid, therein described, acquired by them from Mrs. Ella M. Barrier, belonged to the communities existing between them and their respective husbands and that five notes of $1000 each which 'were given to secure payment of the above described property' had been paid when due, such payments having been made jointly by affiants and their husbands.

"Plaintiffs are informed and believe that the recitals there made are untrue and upon information and belief aver them to be untrue. They further show that the recitals in said affidavit and its recordation, in attempted repudiation of their titles, deeds and obligations therein incurred, were made and done for the purpose of casting doubt, cloud and suspicion upon plaintiffs' titles and those of its lessors, and even the utter destruction of same, and for further purpose of establishing title in their respective communities, which had never theretofore had, claimed or exercised any title whatsoever, and that, the said defendants are estopped from doing, by their recorded deeds, their public acts and statements as hereinbefore and hereinafter alleged, to the prejudice, injury, damage and loss of plaintiffs who were informed thereof and acted thereon.

"And, acting in concert and conspiracy with their said wives and one John A. Burns, the defendants J. D. Runnels and C. G. Muse, for the purpose further of beclouding, questioning and destroying plaintiffs' titles and establishment of some sort of title in themselves, signed and delivered to their said codefendant Burns a purported oil, gas and mineral lease covering an undivided one-half interest in the 703 acres aforesaid, under date of June 9, 1945, which was caused by the latter to be recorded June 13, 1945, in Notarial Book 108, at page 525, of said Parish of Richland, the nullity of which lease is hereby alleged and that it was conceived, executed and recorded in fraud of plaintiffs' property and rights is hereby pleaded.

"Alternatively, if the nullity of the instrument dated November 25, 1932, and its inscription on the public records, either as a deed or as an attempted donation in disguise, be not patent on its face and such as third persons are charged with knowledge of and bound to take notice of, it was, insofar as it purported to evidence a sale, a simulation, void and without effect as to third persons, strangers thereto, for the reason that it was not bona fide and was not intended as a sale by the parties thereto, that no certain price or consideration was agreed upon by the parties and no price whatsoever was paid therein or therefor and for further reason that the vendor, Mrs. Ella M. Barrier, remained and continued in possession of the lands therein described for many years thereafter and until alienations thereof were made by her and possession delivered to and taken by others. Further, in event said instrument and the recordation thereof, purport to convey or evidence any conveyance to said defendants, J. D. Runnels and C. G. Muse, or their respective communities, plaintiffs herein, who contracted bona fide with Mrs. Ella M. Barrier, the vendor who remained in possession, and with other third person-lessors who had dealt with her, have been defrauded and injured thereby.

"The purported sale and conveyance was and is invalid for the further reason that acceptance, an essential requisite to perfection of the contract of sale, was wholly lacking in that there was no acceptance thereof by the vendees named therein either in said instrument, or elsewhere, expressly, tacitly or otherwise, prior to deeds of said lands executed by them to others. And there was never any acceptance by said husbands on behalf of said communities prior to execution of the lease to Burns of date June 9, 1945, which was long subsequent to acquisition and recordation by plaintiffs of their titles and rights and their going into possession of the same.

"The whole scheme, plan and arrangement of all of said defendants, acting in concert and collusion, in attempting to take advantage of any seeming vestiture of title, by reason of the simulated transaction of November 25, 1932, in J. D. Runnels, C. G. Muse, and the communities of which they are, respectively, head and master, neither of whom or which ever had, exercised or enjoyed any title to, rights of ownership in or dominion over, said lands in controversy, and made no claim thereto at any time prior to June 1945, almost thirteen years subsequent to date of said simulated deed, constitutes a grossly fraudulent effort on their part to greatly injure and damage plaintiffs in their property and rights.

"The defendants, J. D. Runnels and C. G. Muse, were cognizant over the long period of years of their wives' course of conduct, their deeds, contracts, public acts and statements, and dealings with others, all as hereinabove alleged, and stood by, without protest, claim or action, approving

and ratifying all that was done, to the knowledge of plaintiffs and others who dealt with their wives and the said Mrs. Ella M. Barrier respecting the lands here in controversy. Said defendants, J. D. Runnels and C. G. Muse, further, by their own conduct, public acts and statements, ever recognized lack of title to, ownership of and interest in said lands by their wives, by themselves, or by the respective communities existing between them. They stood by without protest, claim or action on their part and permitted plaintiffs and others who dealt with and acquired from their said wives and the said Mrs. Ella M. Barrier to make payment thereto of large sums of money in the purchasing and leasing of said lands, to go into possession of the same, and, especially with respect to plaintiffs herein, to make expenditures in excess of the sum of $200,000 in drilling wells and other works and structures on said lands. And for all of those reasons said defendants, J. D. Runnels and C. G. Muse, are estopped in equity and good conscience to assert the nullity of plaintiffs' titles, property and leases and make claim to the lands covered thereby to the prejudice, loss and injury of plaintiffs who were informed of the conduct, acts and statements of said defendants and acted thereon in their acquisitions and expenditures aforesaid, which were made by them in good faith, upon strength of the public records, and on the opinion and advise of competent and reputable counsel."

The following is quoted from the prayer of the petition:

" * * * that their titles and leasehold interests in the lands hereinabove described and their possession thereof be herein recognized, adjudged and decreed and that they be quieted and maintained therein; that their pleas of estoppel and nullity and, alternatively, of fraud and simulation be sustained; that defendants be ordered to desist and be forever barred and restrained from asserting claims to and interests in said lands to the prejudice of and injury to the titles and leasehold interests of plaintiffs thereto and therein, and from further questioning, beclouding and disputing the same; and that the purported oil, gas and mineral lease executed by J. D. Runnels and C. G. Muse, dated June 9, 1945, and its inscription in Notarial Book 108, at page 525, of the Richland Parish conveyance records, and the affidavit purporting to have been made and signed by Zula Malone Snyder Runnels and Marion Ella Snyder Muse before Louise Fant, Notary Public for Hinds County, Mississippi, on June 9, 1945, filed for record August 2, 1945, under serial No. 94963, in Notarial Book ———, of said Parish of Richland, be ordered annulled, avoided, removed, cancelled and erased as clouds and encumbrances upon plaintiffs' titles and leases. Plaintiffs also pray for costs and for all such further, general, equitable and final relief as they may be entitled to herein."

Defendants have moved to dismiss the complaint on the ground (1) that it fails to state a cause of action; (2) that it "seeks to rescind and annul" the act of sale from Mrs. Ella M. Barrier to Mrs. Zula S. Runnels and Mrs. Marion S. Muse, dated November 25, 1932, which right of action it is averred is prescribed under Arts. 1987, 3542, 2221 and 3544 of the Louisiana Civil Code; (3) that the transaction of November 25, 1932, "having been consummated more than twelve years" before petitioners acquired, they are without right or interest to assail it; (4) that Mrs. Barrier could not attack the said transfer without alleging fraud or error and plaintiffs, as transferees holding under her, can not do so; (5) and in the alternative that if it is held that the said "transaction of November 25, 1932, may be inquired into" Mrs. Barrier, who has not been included as plaintiff or defendant, is an indispensable party.

As will be shown by the record, this motion to dismiss was filed at the hearing of an application to take the testimony of Mrs. Barrier before the judge of this court, for reasons therein stated, and counsel for defendants insisted that it be disposed of before such testimony was taken. After hearing oral argument thereon, the court decided to go ahead with the examination of the witness on the following day, reserving to counsel the right of filing briefs on the motions to dismiss and the absence of an indispensable party, Mrs. Barrier.

It would seem that the question of whether Mrs. Barrier's presence in the case is indispensable should be decided first. If so, and she should choose to join the plaintiffs in assailing the instrument of November 25, 1932, the jurisdiction of this court, which is based on diverse citizenship, would be ousted, because it is conceded that Mrs. Barrier is a citizen of Mississippi, the same as two of the defendants, Mrs. Runnels and Mrs. Muse.

In determining whether Mrs. Barrier is indispensable to the case, I think we should consider not alone the allegations of the petition but should look also to the answer, since it has been filed, to ascertain what the issues will be. Subject to the pleas of no cause of action and prescription, insofar as the merits are concerned, the principal defense is that the act or contract of November 25, 1932, had the legal effect of vesting title to all this property in the matrimonial communities existing between the defendants, Mrs. Runnels and Mrs. Muse and their husbands. If it were so decided then the very first lease alleged upon by Mrs. Barrier, Mrs. Runnels and Mrs. Muse to C. H. Murphy, Jr., covered by sub-paragraph (a) of Article 3 of the petition, would be without effect, since the husbands did not sign and with the result that the royalties and benefits therein stipulated to be paid Mrs. Barrier by the lessee would necessarily pass out along with the rights of Murphy and his associates as lessees. Plaintiffs have unquestionably put the validity of this lease, as well as the others alleged upon, at issue, and if, either because of the failure to state a cause of action as to the nullity of the Act of November 25, 1932, or because of the prescriptions pleaded by defendants, they are found to be invalid, the effect upon the interest of Mrs. Barrier in all the property would be the same as if defendants' claim, that the title to the whole property is in the matrimonial communities, were sustained. On the other hand, if the court should hold that the transfer of 1932 did not vest title in the community, the interests of both the communities, which can be represented by the husbands only, as well as that of Mrs. Barrier, would be vitally affected, without the latter being party to the suit in the present state of the record.

I do not see how it can be contended, that the claim of defendants that title to the property of some 700 acres was vested in the community, is not a proper defense to the demands of the petitioners. The answer avers that the true consideration was represented by five promissory notes for the sum of $1000 each, dated December 6, 1932, and maturing annually over a period of five years from date, all of which were "paid in full to" Mrs. Barrier. Here again, the interest of Mrs. Barrier is vitally involved in the question of the effect of what may be called the principal act of transfer of this entire litigation. To decide it without her presence and that of the community would leave this important issue in the air, so to speak, and in view of the value that the property has acquired, probably force immediate action by one or the other for its determination as between them. In other words, complete confusion would follow and it would be unsafe, if not impossible, for either side to deal effectively with the property.

It must also be borne in mind, that, as shown by the complaint, the thing which precipitated this suit was the recording of the affidavit warning the public that the property belonged to the communities. While it is alleged that this affidavit was made by the defendants, Mrs. Runnels and Mrs. Muse, its purpose is clearly disclosed. The effect is the same as if the affidavit had been made by the husbands, insofar as the title is concerned. Who will be affected by a decree that the claim is without foundation and should be cancelled? Clearly, it is the community. The community can not be effectively restrained from assailing the claim unless represented in this case. The prayer, as quoted above, is that "defendants, (the wives) be ordered to desist and be forever barred and restrained from asserting claims to and interests in said lands to the prejudice and injury to the titles and leasehold interests of plaintiffs thereto * * *." According to the complaint, it is not the wives, made parties, who are claiming the interest in the property. They are merely the persons who made the affidavit, and without the communities as parties to this suit there would be nothing to prevent the husbands as heads of the communities from recording additional affidavits either by themselves or by others for them making the same claim. If the communities are made parties, then unquestionably the question of title could not be determined without the presence of Mrs. Barrier, who is shown to have participated in the several leases alleged upon and who still shares royalty interest thereunder. It is true that the transfer of November 25, 1932, recites a vile consideration, but it is also possible, under Article 1900 of the Civil Code, to show the true consideration. Such a consideration has been alleged in the answer.

It is the view of the court that both Mrs. Barrier and the community are indispensable parties and the plea, which is

in effect one of non-joinder, should to that extent be sustained. Shields v. Barrow, 17 How. 130, 58 U.S. 130, 15 L.Ed. 158; Columbia River Packers Ass'n v. United States, 9 Cir., 87 F.2d 421. It is unnecessary to consider the remaining grounds of the motion to dismiss at this time.

Proper decree should be presented.